IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:17-cr-173 |
| v. | ) |
| | ) GOVERNMENT'S SENTENCING |
| JOSE ATEMIO OLGUIN VALLES, | ) MEMORANDUM |
| | ) |
| Defendant. | ) |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter.

## TABLE OF CONTENTS

I. Introduction ............................................................................................. 1

II. Adjustment for Pattern of Criminal Conduct under
USSG § 2D1.1(b)(16)(E) ........................................................................ 2

III. Adjustment for Role in the Offense under USSG § 3B1.1 ..................... 4

IV. Adjustment for Criminal Contempt conviction ...................................... 6

V. Appropriate Sentence in this Case .......................................................... 6

VI. Conclusion .............................................................................................. 8

## I. Introduction

On September 26, 2017, a grand jury returned an indictment charging Jose Atemio Olguin Valles with Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). On March 22, 2018, the defendant pled guilty to the Indictment. Based upon Defendant's sentencing memorandum filed on April 12, 2019 (Dkt. 120), the government believes three disputed issues remain for the Court's determination:

1

(1) Whether a two-level enhancement for committing the offense as part of a pattern of criminal conduct engaged in as a livelihood pursuant to USSG § 2D1.1(b)(16)(E) is properly applied to Defendant?

(2) Whether a two-level role enhancement pursuant to USSG § 3B1.1 is properly applied to Defendant?

(3) Whether Defendant's 2002 conviction for Contempt / Disobey Court Order should receive 2 points as reflected in Paragraph 77a of PSR?

## ADVISORY GUIDELINES RANGE

The PSR correctly calculates the guidelines in this case as follows:

| | |
|---|---|
| Base offense level – USSG § 2D1.1(a)(5) | 38 |
| Pattern of Criminal Conduct - USSG § 2D1.1(b)(16)(E) | +2 |
| Role in the Offense - USSG § 3B1.1 | +2 |
| Acceptance – USSG § 3E1.1 | -3 |
| Total offense level | 39 |
| Criminal History Category | II |
| Guidelines range: | 292 - 365 months' imprisonment |

## II. Adjustment for Pattern of Criminal Conduct under USSG § 2D1.1(b)(16)(E)

A two level enhancement under USSG § 2D1.1(b)(16)(E) applies if a defendant receives an aggravating role adjustment and if he committed the offense as part of a pattern of criminal conduct engaged in as a livelihood. As explained below, Defendant properly received a two-level enhancement as an organizer, leader, manager or supervisor. In addition, his offense conduct satisfies the other requirements for this enhancement.

The definition of "pattern of criminal conduct engaged in as a livelihood" appears at USSG § 4B1.3. USSG § 2D1.1 comment. (n.20(C)). It means planned criminal acts that occurred over a substantial period of time; that generated income in any twelve month period exceeding 2,000 times the federal hourly minimum wage; and that was the defendant's primary occupation in that twelve month time. USSG §4B1.3 comment. (n.1, 2).

Defendant's conduct satisfies each of these requirements. First, the planned criminal acts occurred over a substantial period of time. The Defendant supervised the shipment and sale of methamphetamine and marijuana from at least as early as 2015 to 2017. CS #1 admitted to receiving methamphetamine from Defendant for 8 or 9 months beginning in June of 2016. (PSR ¶ 14.) More specifically, from June of 2016 to February of 2017, CS #1 received 10 to 15 parcels from Valles, each containing 8 to 9 pounds of methamphetamine. (PSR ¶ 14.)

In September of 2017, codefendant Christian Torres (Torres) admitted to transporting drugs and money at Defendant's direction for 2 to 3 years. (PSR ¶ 56, 57.) Defendant paid Torres to drive drug proceeds from Des Moines to California. (PSR ¶ 56.) Torres estimated the total amount of drug proceeds to be more than $10,000 but less than $100,000. (PSR ¶ 56.) Torres also admitted to transporting controlled substances from California to Des Moines, Iowa for Defendant on approximately 6 to 7 occasions. (PSR ¶ 56-57.) Defendant also directed Torres to deliver controlled substances to other locations, including Salinas California. (PSR ¶ 57.) Over the course of nine separate trips, Torres delivered approximately 80

pounds of methamphetamine to Salinas, California at the Defendant's direction. (PSR ¶ 57.)

Second, the income Defendant generated over a twelve-month period far exceeded 2,000 times the hourly minimum wage. The federal minimum wage was $7.25 per hour in 2017. 2,000 times the hourly minimum wage is $14,500. By any estimate, the amount of money generated by Defendant's methamphetamine and marijuana operation far exceeds 2,000 times the federal minimum wage. As previously referenced, CS #1 purchased approximately 80 pounds of methamphetamine from Defendant for $4,500 per pound between June of 2016 and February of 2017. (PSR ¶ 14.) When the drug quantities described by Torres are added to the equation, the amount of profit generated by Defendant's organization is clearly sufficient for application of this enhancement. (PSR ¶ 56, 57.)

The final requirement for the enhancement is that the criminal activity was Defendant's primary occupation. The evidence supports the conclusion that drug dealing was Defendant's primary occupation during the drug conspiracy. Information concerning Defendant's sporadic employment and meager earnings during the course of his offense conduct clearly establishes his *primary* occupation was distributing controlled substances. (PSR ¶ 128-133.)

### III. Adjustment for Role in Offense

"[T]o apply an enhancement under Section 3B1.1(c), the district court must find that 'the defendant was an organizer, leader, manager, or supervisor in any criminal activity.'" *United States v. Frausto*, 636 F.3d 992, 995-96 (8th Cir. 2011)

(quoting *United States v. De Oliveira*, 623 F.3d 593, 599 (8th Cir.2010)). "Each of these four terms is construed broadly." *Id*. "For a two-level managerial role enhancement to apply, it is only necessary that the defendant supervise or manage one other participant." *United States v. Johnson*, 619 F.3d 910, 921 (8th Cir. 2010) (quotations omitted).

In this case, Defendant clearly managed the operation of a large-scale drug trafficking organization. Defendant discussed his connection to a Sinaloa based cartel from whom he had access to and received large quantities of controlled substances. (PSR ¶ 32, 59.) Defendant directed Torres in the transport of both drugs and drug proceeds to and from multiple locations including Iowa. (PSR ¶ 47, 56, 57, 59.) Defendant directed CS #1 concerning the deposit of drug proceeds into multiple funnel bank accounts. (PSR ¶ 15, 18.) Defendant discussed his organization's activity in Nebraska and his involvement in the manufacture of marijuana. (PSR ¶ 32, 33, 40, 41, 59.) Finally, Defendant discussed his potential $1,000,000 investment in an acreage to be utilized as part of the conspiracy. (PSR ¶ 59.)

The Court of Appeals for the Eighth Circuit has affirmed application of the two-level role enhancement based on similar facts. *See, e.g., Frausto*, 636 F.3d at 995-96 (affirming two-level role enhancement based on defendant's planning and organization of two methamphetamine deliveries to confidential source using coconspirators to consummate the transactions); *United States v. Gamboa*, 701 F.3d 265, 267 (8th Cir. 2012) (affirming two-level role enhancement based on defendant

directing a coconspirator to purchase meth and directing a man to sell drug on a number of occasions and collecting the money from him). Accordingly, the Defendant qualifies for the two-level role adjustment.

## IV. Contempt Conviction

On January 21, 2003, Defendant was sentenced to 36 months' probation for Contempt: Disobey Court Order in the California Superior Court for Monterey County. (PSR ¶ 77a.) On July 26, 2007, Defendant's probation was modified to include a sentence of 90 days imprisonment. (PSR ¶ 77a.)

Pursuant to USSG § 4A1.1(b), 2 points are added for each prior sentence of at least 60 days imprisonment. A sentence imposed more than 10 years prior to the defendant's commencement of the instant offence is not counted. USSG §4B1.1(b) comment. (n.2).

The defendant pled guilty to involvement in a conspiracy to distribute methamphetamine between January and September of 2017. (Dkt. 68.) Information provided by Torres indicates the defendant was involved prior to January of 2017. (PSR ¶ 56.) Because the defendant was sentenced to serve 90 days imprisonment within 10 years of the commencement of the instant offense, two points are appropriately added to Defendant's criminal history score.

## V. Appropriate Sentence in this Case

The sentence imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and

characteristics of the defendant;

    2.    the need for the sentence imposed –

        a.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        b.    to afford adequate deterrence to criminal conduct;
        c.    to protect the public from further crimes of the defendant; and
        d.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    3.    the kinds of sentences available;

    4.    the guideline sentencing range;

    5.    any pertinent policy statement;

    6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    7.    the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a). For the reasons that follow, the statutory factors under Title 18, United States Code, Section 3553(a) support a term of imprisonment of ___ months.

The instant offense is unquestionably serious and involves an extremely large amount of methamphetamine, marijuana and other controlled substances. The amount of methamphetamine expressly attributable to this defendant from the events of September 6, 2017 alone is roughly thirty-seven (37) pounds and the overarching conspiracy involved 175 kilograms of methamphetamine, all of which was earmarked for redistribution throughout Iowa. (PSR ¶ 58.)

The public safety risk posed by the redistribution of this quantity of methamphetamine to those struggling with addiction is palpable and has a

significant deleterious effect on the wellbeing of any community. The defendant's criminal conduct is further compounded by the fact that it appears motivated primarily by financial gain. As a result, the Court must affix a sentence that (1) reflects the serious impact this type of offense has on the public and (2) provides a substantial deterrent effect which discourages profiteering on the backs of those suffering through the throes of addiction.

### VI. Conclusion

For the above-cited reasons, the Court should impose a term of incarceration of 292 months.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/ Jason T. Griess*
Jason T. Griess
Assistant United States Attorney

U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Jason.Griess2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

     U.S. Mail       Fax       Hand Delivery

 X   ECF/Electronic filing     Other means

UNITED STATES ATTORNEY

By:   */s/ Suellen Irwin*
       Paralegal Specialist